## † CROWELL versus WHITTIER.

*Constables* and all other town officers can only be chosen by a major vote of the votes cast at the annual town meeting.

And to constitute an election to such offices, it is essential that the person claiming to be chosen, should be presented distinctly before the meeting.

Thus, the vote of the town that whoever should make the lowest bid for collecting the taxes, should be the *constable*, will not authorize the person making such bid to perform the duties of that office.

ON FACTS AGREED.

TRESPASS for false imprisonment.

Defendant arrested the plaintiff at the several times alleged in the writ upon warrants duly issued, and after the trial received him into his custody until the sentence was performed.

The defendant lived in the town of Rome and claimed to exercise the powers of an officer, as constable of that town.

His authority to act as such was derived from a vote passed at the annual meeting of said town, as follows:—

" Voted, that the collector's and constable's berth go to the lowest bidder.    Thomas Whittier bid off the collector's and constable's berth at two cents and two mills on a dollar for collecting." ·

The defendant, before assuming to act as constable, gave the bond required by law.

If the defendant had authority to act as constable and arrest the plaintiff, a nonsuit to be entered; otherwise a default to be entered, and the defendant heard in damages.

*Bradbury & Morrill,* for defendant, contended, that the requirements of the statutes regarding the mode of choosing constables were complied with.    It was voted that the person who should collect the taxes for the smallest compensation, should be the constable.    Defendant made the lowest bid, and was therefore by a major vote of the inhabitants declared elected.

This record does not amount to a sale of the office, but only to a vote to unite in one person the offices of collector and constable.

*Drummond,* for plaintiff.

1. The town must determine beforehand by vote in what manner constables and some other officers shall be elected, or any election other than by ballot is void. Without this determination constables can be elected not otherwise than by ballot.

In this case no such vote was passed, unless by the vote read in evidence. If they did so determine, then they did not elect even if the method proposed was legal.

2. The record shows a sale of the office, which is void and no election. Chitty on Con. 672, and notes and authorities cited. Such office cannot be the subject of a sale. 5 N. H. 196; 6 N. H. 183.

It is contrary to sound policy. 2 N. H. 517.

TENNEY, J. — The Revised Statutes, c. 5, § 9, provide, that at the annual town meeting to be held in the month of March or April, the qualified voters in each town shall choose by a major vote, constables, collectors of taxes and other town officers; and by § 10, certain of the town officers shall be chosen by ballot, and all others may be chosen by ballot, or other method agreed on by a vote of the town.

It appears by the records of the town of Rome, that at the annual meeting of that town in March, 1853, it was "voted, that the collector's and constable's berths go to the lowest bidder. Thomas Whittier bid off the collector's and constable's berth at two cents and two mills for collecting." What method the town agreed on, by their vote to choose those officers, who were not required to be chosen by ballot, does not appear. But upon the adoption of any mode, the choice of the officers must be by giving to each respectively a majority of all the votes cast. It was necessary to constitute an election, that the person claiming to be chosen, should at the time he was voted for be presented distinctly to the mind of each elector, who voted, so that he should know for whom he voted. The general vote of the town, that whoever should make the lowest bid for col-

lecting the taxes should be the constable, cannot be regarded as the choice of such person for that office, by a major vote. Upon the passage of this general vote, no one is chosen. And it is difficult to perceive, how that vote and the bid only of an individual afterwards made, without further action of the town can in any sense be a choice of that person, within the meaning of the statute.

Other objections to the validity of the choice of the defendant as constable have been presented, the consideration of which is not important for the decision of the case.

As the defence is upon the ground, that the defendant was legally the constable of the town of Rome, and this not appearing by the evidence, it necessarily fails.

*Defendant defaulted.*